WESLEY BANGHART v. GEORGE G. FLUMMERFELT.

1. An easement cannot be created by parol.
2. The declaration in *assumpsit* alleged that defendant made a parol unwritten agreement with a former owner of plaintiff's mill, to erect on his own land a dam and make a certain aqueduct, and to keep up, perpetually, the same, assigning as a breach the not keeping up such dam. *Held*, that an action at law would not lie on such a contract.

Banghart v. Flummerfelt.

3. When, at the trial, the parties agree to amend the issue and try the case on the merits, such agreement has the effect merely of waiving exceptions as to matters of form, and does not, in any other respect, affect the legal rights, on either side.

---

This suit was originally in covenant, but it appearing at the trial that the wrong complained of was the non-performance of a parol promise, the form of action, with the sanction of the trial judge, was changed to *assumpsit.* Accordingly, a new declaration was filed, which set out the following facts, viz.: That on the 5th of April, 1849, the defendant agreed, by deed, with one Thomas C. Albertson, to convey, in fee, to him a certain mill and lands; and also thereby covenanted (among other things) to build on his own land adjoining the premises conveyed, a certain embankment of a designated height and length, which was to be finished by the 1st day of September then next, and that "said defendant, his heirs, executors, administrators and assigns, would, at his and their own costs and charges, keep the said embankment in good and sufficient repair." It was then alleged that on the same day such conveyance was made, and that by such deed all said rights and privileges were passed and granted to the said grantee. Then followed a statement that after the making of the said article of agreement and the said deed of conveyance, "and before the entire execution of all the covenants therein contained, it was mutually agreed between the said defendant and the said Thomas C. Albertson, by word of mouth and not by writing, that in place of the embankment, which by the terms of the said article of agreement" the defendant was to erect, he should, for a portion of the distance, "dig a new channel for the said creek, and construct and build the same, and the new dam and embankment thereon," and which said new dam and the embankments necessary along the said new channel "were agreed to be substituted for the embankment required by said covenants; and that said defendant agreed for himself, his heirs, executors, administrators and assigns, to keep the same in good repair." It was then alleged that defendant

dug the new channel and constructed the new dam and embankment according to the parol agreement.  A chain of title was then shown from said grantee, Albertson, to the plaintiff, whose deed was dated in the year 1867.  The breach was an omission to perform, in the year 1869, his parol agreement with the first grantee, Albertson, in this, that he did not keep up and in repair the dam and embankment called for by that contract.

The verdict and judgment were for the plaintiff, which were removed by this writ of error.

Argued at November Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff in error, *H. S. Harris* and *B. Williamson.*

For the defendant in error, *James M. Robeson* and *J. G. Shipman.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  As the case of the defendant in error, who was the plaintiff in the court below, appears to be a meritorious one, and as the jury has found that he has sustained damages to a considerable extent by the failure of the defendant to comply with his engagements, I have been solicitous to find some legal ground on which that recovery could be supported.  But in this endeavor I have altogether failed, for it seems to me very clear that the declaration does not disclose a legal cause of action.  The case, in brief, may be thus stated:  The plaintiff complains that the defendant entered into a parol agreement, in the year 1849, with the then owner of the mill property now held by the plaintiff, to substitute an artificial aqueduct and a dam for a certain embankment, which, by an article of agreement under seal, the defendant before that had covenanted to build; and that it was one of the terms of such parol agreement that the defendant and his heirs and assigns would keep such substituted

aqueduct and dam in repair. These works thus referred to were to be made on the lands of the defendant, which were contiguous to the mill property of the plaintiff. The contention of the plaintiff is, first, that this parol agreement was valid in law when made; and, second, that it ran with the land and came to him with his title. But the moment we turn our attention to the nature of this claim its fallacy becomes apparent. What it asserts is obviously this: that an easement and a perpetual obligation to keep it in repair, may be created by parol. The plaintiff alleges that as the owner of this mill and as appurtenant to it he was entitled to require the erecting and keeping up an artificial channel and dam on the property of the defendant, and in his declaration he expressly declares that his title to this consisted in a promise made by the defendant, which, in the language of the pleading, was "by word of mouth, and not by writing." The decisions are numerous and decisive that such interests as the one here asserted and created in this mode, cannot be recognized in a court of law. If the defendant should tear down this dam and fill up this aqueduct, it seems quite clear that the plaintiff could have no redress for the damage that would thus ensue, founded on this unwritten agreement. The most cursory reference to the books will raise a conviction that the law on this subject is entirely settled. "An easement in the land of another," says one of the text writers, "is, by the common law, grantable only by deed, and of course no verbal agreement which amounts to conferring an easement or a right in the nature of one, can be, as such, available to either of the parties to it. The law on this point is too well settled to require any detailed citation of authorities." *Brown on Stat. of Frauds*, § 232; *Gale & Whatley's Law of Easements* 12. That a contract of this nature has been performed in part cannot affect the legal complexion of the affair, although such circumstance will often constitute a solid foundation for the intervention of a court of equity. From the facts here exhibited, it is perhaps not unreasonable to infer that the plaintiff may be in this matter possessed of a stable equity which would

be protected by the proper tribunal; but all that can now be decided is, that he has no standing in this action.

In addition to the foregoing consideration, and which alone is sufficient to dispose of the question involved, it should be further noted that the agreement, a breach of which constitutes the supposed cause of action, is plainly void by reason of the statute of frauds.   The stipulation in question is, that the defendant, his heirs and assigns, would forever keep these structures in good condition.   Such a perpetual engagement is declared to be ineffectual by the fifth clause of the act which prescribes that no action shall be brought on "any agreement that is not to be performed within one year from the making thereof."   Such a quality of the transaction would of itself defeat this suit in this court, while in equity it would, under some circumstances, be an impediment easily to be surmounted.

With respect to the statement contained in the record, that at the trial "parties agreed to try the merits of the case, irrespective of the pleadings and issue joined," it is sufficient to say that there is nothing in such an understanding that can countervail the radical defects in the plaintiff's case just pointed out.   This suit, as it at first stood before the trial court, was in form an action of covenant, and when it was found that such form was incongruous with the facts as developed, and that the action would have to be transformed into a suit in *assumpsit*, the parties then determined to proceed and try the merits without waiting to have the pleadings and issue amended.   But an agreement to try the merits of a suit at law is an agreement to waive form alone, and cannot be construed to be a relinquishment, on either side, of legal rights, and the objections now urged are not as to mode, but as to substance.   If the view already expressed is well founded, then the plaintiff cannot recover in a court of law, no matter what his method of suit or proceeding may be.   But besides this, the only issue raised on the reasons of error assigned and the traverse of them, is whether a legal judgment appears, on the face of this record, to have been rendered.   This

court can adjudge nothing outside of that issue. If it has been inequitable, in view of these past agreements relied on for so many years and in so many respects performed, and in view of what occurred at the trial, to take out this writ of error, it must again be repeated that the remedy is not in this court, or at all events at this stage of these proceedings.

Upon the whole, however, as there is some reason to think that the plaintiff in this suit may, in a court of equity, be entitled to enjoin this proceeding and retain this judgment as an adjunct to his right, if such exist, to enforce in that tribunal the past agreement in question, and as a judgment in error might forestall such a right, the court will withhold its judgment in the present proceeding until the last day of the present term, when, if not prohibited by the Chancellor, the counsel of the plaintiff in error may move for a revesal.